IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21261
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER CASTILLO-ROSALES,
also known as Francisco Castillo,
also known as Felipe Castillo-Rosales,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-564-ALL
--------------------
February 20, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Javier Castillo-Rosales pleaded guilty to illegal reentry into the United States after deportation in violation of 8 U.S.C. § 1326. He appeals the district court's interpretation of U.S.S.G. § 2L1.2(b)(1)(C) at his sentencing. He argues that his prior felony conviction for possession of cocaine did not merit the eight-level adjustment provided in U.S.S.G. § 2L1.2(b)(1)(C) for an aggravated felony. He asserts that he should have

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

received only the four-level adjustment provided in U.S.S.G. § 2L1.2(b)(1)(D) for "any other felony."  Castillo-Rosales's arguments are foreclosed by United States v. Caicedo-Cuero, 312 F.3d 697, 706-11 (5th Cir. 2002).  The district court did not err in assessing an eight-level adjustment, pursuant to U.S.S.G. § 2L1.2(b)(1)(C), to Castillo-Rosales's sentencing guideline calculation.

For the first time on appeal, Castillo-Rosales argues that 8 U.S.C. § 1326(b)(2) is unconstitutional because it treats a prior conviction for an aggravated felony as a mere sentencing factor and not an element of the offense.  He contends that the unconstitutionality of the statute is not remedied by treating the prior aggravated felony as an element of the offense and including it in the indictment.  Castillo-Rosales concedes that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).  Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  Accordingly, this argument lacks merit.

AFFIRMED.